Eugene Y. Turin (SB # 324413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW KLEIN, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>GAMMA ENTERTAINMENT INC., a Florida for profit corporation.<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**1. Violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710,** *et seq.*<br><br>DEMAND FOR JURY TRIAL |

CLASS ACTION COMPLAINT                                                                                           CASE NO.

# CLASS ACTION COMPLAINT

Plaintiff Andrew Klein brings this Class Action Complaint against Defendant Gamma Entertainment Inc. ("Gamma" or "Defendant") to stop Defendant's unlawful disclosure of its consumers' personally identifiable information and to seek redress for all those who have been harmed by Defendant's misconduct. Plaintiff alleges as follows based on personal knowledge as to himself and his own acts and experiences, and as to all other matters, on information and belief, including an investigation by his attorneys.

## NATURE OF THE CASE

1. This is a class action suit brought against Defendant for violations of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710, *et seq*, which generally prohibits the knowing disclosure of a specific consumer's video viewing requests without the informed, written consent of the consumer.

2. Defendant is the owner and operator of numerous adult websites including many of the most popular adult websites on the internet.

3. Defendant provides adult video content to hundreds of thousands, if not millions, of subscribers all over the world including in the United States. Subscribers can stream and view exclusive video content provided by Defendant on its various adult websites.

4. Using website tracking technology, Defendant tracks its consumers'[1] personally identifiable information ("PII"), including information which identifies a person as having requested or obtained specific video material from Defendant, and knowingly discloses this information to third parties without the consent of the consumer.

5. Because Defendant's consumers are not informed about the disclosure

---

[1] "Consumer" means any renter, purchaser, or subscriber of goods or services from a video tape service provider. 18 U.S.C. § 2710 (a)(1).

1  and dissemination of their PII while using Defendant's adult websites, they have not
2  been provided an opportunity to consent to such disclosures. Meanwhile, Defendant
3  has used and continues to use its illegal practices to profit from targeted advertising,
4  website improvements, and has obtained other direct benefits related to the
5  dissemination of its consumers' PII.

6. In doing so, Defendant has violated the VPPA, and thus, the statutory rights of Plaintiff and its consumers by disclosing their PII to third parties without their consent. Accordingly, Plaintiff brings this class action for legal and equitable remedies to redress and put a stop to Defendant's practices of knowingly disclosing its consumers' PII to third-parties in violation of the VPPA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. § 1331 over the claims that arise under the VPPA, a federal statute.

8. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, because this is a class action, as defined by 28 U.S.C. § 1332(d)(1)(B), in which a member of the putative class is a citizen of a different state than Defendant, and the amount in controversy exceeds the sum or value of $5,000,000, excluding interest and costs. *See* 28 U.S.C. § 1332(d)(2).

9. This Court has personal jurisdiction over Defendant because it advertised, marketed, distributed and sold website subscriptions within the State of California; Defendant engaged in the wrongdoing alleged in this Complaint in the State of California as it disclosed California residents' PII which it gathered from within California; and Defendant has sufficient minimal contacts with the State of California, rendering the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice. Moreover, Defendant is engaged in substantial commercial activity within the State of California.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this judicial

District and Defendant conducts business within this District.

## **PARTIES**

11. Plaintiff is a resident of Simi Valley, California. Plaintiff resided in Simi Valley when the events alleged herein occurred.

12. Defendant Gamma Entertainment Inc. is a Florida for profit corporation, registered in Plantation, Florida.

## **COMMON FACTUAL ALLEGATIONS**

### **I. The Video Privacy Protection Act**

13. The VPPA prohibits "[a] video tape service provider who knowingly discloses, to any person, personally identifiable information concerning any consumer of such provider." 18 U.S.C. § 2710(b)(1).

14. The VPPA defines PII as "information which identifies a person as having requested or obtained specific video materials or services from a video service provider." 18 U.S.C. § 2170(a)(3).

15. A video tape service provider is "any person, engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710(a)(4).

16. Further, the act defines a "consumer" as "any renter, purchaser, or subscriber of goods or services from a video tape service provider.

17. In 2012, Congress amended the VPPA, and in so doing, reiterated the Act's applicability to "so-called 'on-demand' cable services and Internet streaming services [that] allow consumers to watch movies or TV shows on televisions, laptop computers, and cell phones." S. Rep. 112-259, at 2.

18. Thus, the VPPA applies to internet website video streaming service providers, such as Defendant, and its websites through which consumers watch videos featuring adult content.

### **II. Defendant Discloses its Subscribers' PII to Third Parties**

19. Defendant develops, owns, and operates hundreds of websites featuring

adult content.

20. Defendant's websites offer subscription services, where a consumer creates an account with a specific website, and in turn, gains access to the adult videos and other content that Defendant makes available for that specific website's account holders. As such, consumers who create accounts to access content on Defendant's adult websites are "subscribers."

21. Importantly, while creating their accounts, subscribers are not prompted to provide consent to Defendant to share and disclose their PII to third parties, including information which identifies a person as having requested or obtained specific video materials or services.

22. However, despite not obtaining informed, written consent from its subscribers which is distinct and separate from any form setting forth other legal obligations, Defendant discloses its subscribers' PII to various third parties.

23. To that end, per Defendant's uniform Privacy Policy[2] that governs its membership services for its adult websites, Defendant collects a slew of information from its subscribers including:

    a. Personal Information: "any information that relates to an identified person or information which, together with other information, may identify a person."

        i. First and last names; account credentials; payment information; transaction history; type of device used and device fingerprint; IP address.

    b. Automatically Collected Information:

        i. Device: hardware model, operating system, browser information, IP addresses, device fingerprints, and other attributes.

---

[2] https://www.evilangel.com/en/privacy

    ii. Location information: IP address, zip code, postal code. This information collected is used to customize Membership Services with location-based information and advertising.

    iii. Usage: referring and exit pages and URLs, platform type, clicks, domain names, landing pages, "*pages and content viewed*" and the order of those pages, the amount of time spent on particular pages, time and date of use of Membership and its websites, the frequency of use of Membership Services and its websites, and other similar information.

24. Critically, Defendant uses "third-party analytics providers and technologies . . . to assist in collecting and analyzing the above-mentioned information."[3]

25. Defendant admits in its Privacy Policy that it uses third party web analytics, such as Google Analytics, to help analyze how subscribers use its websites and membership services. Defendant's privacy policy directly states that "the information collected by the technology will be *disclosed to or collected directly by these service providers, who use the information to evaluate [Subscribers'] use of [Defendant's] Membership Services*" and its adult websites.[4]

26. Thus, Defendant discloses such PII, which identifies an individual as having requested or obtained a specific video materials or services from Defendant, to third-parties for various purposes including to contact its subscribers with information that will be of interest, generate reports and data about its subscribers' website usage, perform analytics on this information, allow for personalized content and advertising and sales that a subscriber sees on Defendant's website, customize content, provide targeted advertising, marketing and sales, and to fulfill contractual

---

[3] *Id.*

[4] *Id.*

1 relationships for advertising with third party advertisers and advertising networks for the subscriber.[5]

27. In summation, Defendant compiles data of its subscribers, including Personal Information which can be used to identify a person, device information, location information, usage information including the content and videos a subscriber views, and analytical information which helps third party service providers evaluate how Defendant's subscribers use its websites including which video material is requested.

28. In combination, the information Defendant collects and allows to be collected by third parties, identifies a specific person as having requested or obtained specific video materials or services from Defendant.

29. However, critically, Defendant does not seek its subscribers' prior written consent to the disclosure of their PII and its subscribers remain unaware that their PII and other sensitive data is being disclosed and/or collected by such third parties.

30. Defendant's subscribers are unaware of the status of their PII, to whom it has been disclosed, and who has possession and retained their PII as a result of Defendant's illegal disclosures.

31. By disclosing its subscribers' PII, which undeniably reveals both an individual's identity and the video materials they have requested from Defendant's websites, Defendant has intentionally and knowingly violated the VPPA.

**FACTS SPECIFIC TO PLAINTIFF**

32. Plaintiff Andrew Klein was a subscriber of Defendant's adult website, Evil Angel, from around February 2021 to February 2022.

33. Plaintiff used his account with Defendant's Evil Angel to view adult content provided to him through his subscription. Specifically, Plaintiff viewed video

---

[5] *Id.*

materials from Defendant's website.

34. Plaintiff never consented, agreed, authorized, or otherwise permitted Defendant to collect his PII, including specifically, information that could be used to identify him as an individual who has requested to view a specific video(s), and disclose his PII to third-parties. Plaintiff did not provide his informed written consent to such disclosures in a form distinct and separate from any form setting forth his other legal obligations. Defendant did not provide clear and conspicuous opportunity for Plaintiff to withdraw from or opt out of these disclosures.

35. Nevertheless, Defendant knowingly and intentionally disclosed Plaintiff's PII to third parties.

36. To this day, Plaintiff is unaware of the status of his PII, to whom it has been disclosed, and who has possession and retained his PII as a result of Defendant's illegal disclosures.

37. As a result, Defendant's disclosure of his PII deprived Plaintiff his privacy rights which he is entitled to by law.

38. By disclosing Plaintiff's PII, which reveals both his identity and the video materials he has requested from Defendant's websites to third-parties, Defendant has intentionally and knowingly violated the VPPA.

## **CLASS ALLEGATIONS**

39. Plaintiff brings this action on his own behalf and on behalf of a nationwide class (the "Class"), defined as follows: All persons in the United States with subscriptions to Defendant's adult websites who viewed video materials on Defendant's adult websites from March 14, 2021 to the present.

40. Members of the Class will be referred to as "Class Members."

41. Plaintiff will fairly and adequately represent and protect the interests of the other Class Members. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other Class Members,

and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Class.

42. Absent a class action, most Class Members would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

43. Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the Class Members, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

44. The factual and legal bases of Defendant's liability to Plaintiff and to the other Class Members are the same, resulting in injury to the Plaintiff and to all of the other members of the Class. Plaintiff and the other members of the Class have suffered harm as a result of Defendant's unlawful and wrongful conduct.

45. Upon information and belief, there are hundreds, if not thousands, of Class Members such that joinder of all members is impracticable.

46. There are many questions of law and fact common to the claims of Plaintiff and the other Class Members, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

(a) Whether Defendant disclosed Class members' PII;

(b) Whether the information disclosed to third parties concerning Class Members constitutes personally identifiable information under the VPPA;

(c) Whether Defendant's disclosure of the Class Members' PII to third-parties was knowing under the VPPA;

(d) Whether Class members consented to Defendant's disclosure of their PII

to third parties in the manner required by the VPPA;

(e) Whether the Class is entitled to damages and other relief as a result of Defendant's conduct.

## COUNT ONE
### Violation of the Video Privacy Protection Act ("VPPA")
### (on behalf of Plaintiff and the Class)

63. Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

64. The VPPA prohibits a "video tape service provider" from knowingly disclosing "personally-identifying information" concerning any consumer to a third party without the "informed, written consent (including through an electronic means using the Internet) of the consumer." 18 U.S.C. § 2710.

65. As defined in 18 U.S.C. § 2710 (a)(4), a "video tape service provider" is "any person, engaged in the business, in or affecting interstate commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audiovisual materials."

66. Defendant is a "video tape service provider" as defined in 18 U.S.C. § 2710 (a)(4) because it engaged in the business of delivering audiovisual materials that are similar to prerecorded video cassette tapes and those sales affect interstate or foreign commerce.

67. As defined in 18 U.S.C. § 2710 (a)(3), "personally-identifiable information" is defined to include "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider."

68. As defined in 18 U.S.C. § 2710 (a)(1), a "consumer" means "any renter, purchaser, or subscriber of goods or services from a video tape service provider." As alleged in the preceding paragraphs, Plaintiff, like the other Class members, subscribed to one of Defendant's adult websites, which provides video content to subscribers via its internet website. Thus, Plaintiff and the other Class members are

1  "consumers" under the VPPA.

2  69. Defendant knowingly caused Plaintiff's and the other Class members' PII, including information that can be used to identify them as having requested or obtained specific video materials or services, to be disclosed to third parties. This information constitutes PII under 18 U.S.C. § 2710 (a)(3) because it identified each Plaintiff and Class Members to third parties as an individual who viewed specific video materials requested from Defendant's adult websites.

70. As set forth in 18 U.S.C. § 2710 (b)(2)(B), "informed, written consent" must be (1) in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer; and (2) at the election of the consumer, is either given at the time the disclosure is sought or given in advance for a set period of time not to exceed two years or until consent is withdrawn by the consumer, whichever is sooner." Defendant did not obtain informed, written consent from Plaintiff and the Class Members under the VPPA before disclosing their PII to third parties.

71. Defendant knew that these disclosures identified Plaintiff and Class Members to third parties. By disclosing Plaintiff's and Class Members' PII, Defendant violated Plaintiff's and Class Members' statutorily protected right to privacy under the VPPA.

72. As a result of the above-mentioned violations, Defendant is liable to Plaintiff and the other Class Members for damages related to their loss of privacy in an amount to be determined at trial.

73. On behalf of himself and the Class, Plaintiff seeks: (i) declaratory relief; (ii) injunctive and equitable relief as it is necessary to protect the interests of the Plaintiff and Class by requiring Defendant to comply with the VPPA; (iii) statutory damages of $2,500 for each violation of the VPPA pursuant to 18 U.S.C. § 2710 (c); and (iv) reasonable attorneys' fees and costs and other litigation expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for the

following relief:

1. An order certifying the Class as defined above;
2. For all forms of relief set forth above;
3. An order enjoining Defendant from continuing to engage in the unlawful conduct and practices described herein;
4. An award of attorneys' fees and costs; and
5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

DATED: March 14, 2023					Respectfully submitted,

ANDREW KLEIN, individually and on behalf of similarly situated individuals.

By: /s/ *Eugene Y. Turin*

Eugene Y. Turin (SB # 324413)
MCGUIRE LAW, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002 Ex. 3
Fax: 312-275-7895
eturin@mcgpc.com

*Counsel for Plaintiff and the Putative Class Members*